IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KIM DANA DECKER**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

        Defendant.

No. 6:11-cv-06344-HU

OPINION AND ORDER

**MOSMAN, J.**,

On February 24, 2014, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [43] regarding Ms. Decker's application for fees pursuant to the Equal Access to Justice Act ("EAJA") [24]. Judge Hubel recommends that Ms. Decker be awarded attorney fees in the amount of $8,574.05 [43]. In so recommending, Judge Hubel finds that the Commissioner's position in opposing Ms. Decker's appeal was not substantially justified. I find that the Commissioner's position was substantially justified, and thus DENY the Application for Fees [24].

1 – OPINION AND ORDER

**LEGAL STANDARDS**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

A prevailing party is entitled to fees under the EAJA unless the court finds that the Government's position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified to a degree that could satisfy a reasonable person," or "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2; *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact."). The substantial justification requirement applies both to the underlying action—here, the Commissioner's denial of benefits—as well as the decision to defend that action in court. *Kali v.*

2 – OPINION AND ORDER

*Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).  Finally, the Government bears the burden of demonstrating that its position is substantially justified.  *Id.*

## DISCUSSION

In a prior order, the Court remanded Ms. Decker's case for reconsideration in light of January 31, 2011, blood-test results submitted to the Appeals Council after the ALJ's decision of January 27, 2011, concluding that the ALJ's decision was no longer supported by substantial evidence.  (*See* F&R [20] at 38–39; Op. & Order [22] at 2.)  Specifically, the new evidence contained abnormal blood value results and appeared contradictory to evidence previously considered by the ALJ.  (F&R [20] at 38.)  The potential contradiction raised "a possibility that [a doctor] could interpret [the new] results in a way that warrants a departure from the ALJ's decision."  *Id.* at 39.  Further, because the Appeals Council considered the new test results, the evidence was part of the administrative record and had to be considered by the Court.  *Id.* at 36; *see also Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012) (when "the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence").

Now, Judge Hubel recommends awarding EAJA fees and holding that the Commissioner's litigation position was not substantially justified.  (F&R [43] at 3–4.)  Judge Hubel points out that the Commissioner acknowledged the presence of new evidence in the record.  *Id.* at 4.  Previously, the Commissioner conceded that "[a]lthough the [new] findings were generally 'normal,' a few results were in the 'abnormal' range."  (Def.'s Resp. [33] at 3.)  Abnormal test results coupled with the absence of explanatory documentation made the Court unable to determine whether the ALJ's decision was supported by substantial evidence.  (F&R

3 – OPINION AND ORDER

[43] at 4.) Judge Hubel reasoned that "[f]or the same reason, the Court cannot say that the Commissioner's position was substantially justified." *Id.* Because the Commissioner's position was not substantially justified, "an award of EAJA fees is appropriate." *Id.*

This approach conflates the "substantial evidence" standard[1] with the "substantial justification" standard for determining whether EAJA fees are appropriate. To say that the Commissioner's findings were not supported by substantial evidence and thus "for the same reason" the Commissioner's litigation position was not substantially justified creates a per se rule: the Government's defense of a denial of benefits lacks substantial justification whenever the Commissioner's decision is remanded for lack of substantial evidence. This reasoning reads the substantial justification requirement out of 28 U.S.C. § 2412 and conflicts with Ninth Circuit precedent requiring a narrow reading of the EAJA and a textual basis for an award of fees. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076–77 (9th Cir. 2010) (as an exception to the American Rule and a partial waiver of sovereign immunity the EAJA must be construed narrowly).

Further, this case again raises issues left open by *Brewes*—here in the context of the "substantial justification" inquiry.[2] In a recent case, this Court denied a motion for fees following a remand in light of new evidence submitted to the Appeals Council. Despite the remand, the Court cautioned that

---

[1] A court may set aside a denial of benefits if the Commissioner's findings are "not supported by substantial evidence or [are] based on legal error." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (internal quotation marks omitted).

[2] In the wake of *Brewes*, the district courts in the Ninth Circuit have disagreed about when a remand is appropriate in light of new evidence submitted to the Appeals Council and made part of the administrative record. *Compare Bowling v. Colvin*, No. 12-35, 2013 WL 2370623, at *12 (D. Ariz. May 29, 2013) (affirming the Commissioner's decision and reasoning that that it "is unlikely" that new evidence "would have altered the ALJ's analysis") *with Brister v. Colvin*, No. 12-726, 2013 WL 2318842, at *6–7 (D. Or. May 27, 2013) (remanding "so that an ALJ can consider the weight that should be given to [a new doctor's report] and determine whether [the doctor's] opinions, along with the other evidence in the record, establish that Plaintiff is disabled"); *Broadbent v. Comm'r*, No. 12-770, 2013 WL 1900993, at *5 (D. Or. May 7, 2013) (remanding on the grounds that new evidence "renders the Commissioner's final decision unsupported by substantial evidence" because it described limitations "not accounted for in the RFC").

4 – OPINION AND ORDER

> [remand in this case] should not be read to mean that *any* ambiguities created by newly submitted evidence require remand; rather, remand is required only where the new evidence affects the record in such a way that there is no longer substantial evidence supporting the ALJ's decision. Put another way, if there would be substantial evidence supporting the ALJ's finding of nondisability regardless of how the new evidence were interpreted or credited, the ALJ's decision is to be affirmed.

*Gardner v. Colvin*, No. 12-755, 2014 WL 897134, at *2 (D. Or. Mar. 3, 2014). This Court went on to hold that "the Commissioner was substantially justified in arguing that the ALJ's decision was still supported by substantial evidence" and EAJA fees were inappropriate, even though ambiguities created by the new evidence called for remand. *Id.*

So it is here. The ALJ's decision to deny Ms. Decker's application for disability benefits was not devoid of substantial justification; rather, the decision was remanded because the new evidence "could conceivably suggest the onset of a far greater degree of impairment than that which had been previously contemplated" by the ALJ. (F&R [20] at 38–39.) Whether the new evidence will actually demonstrate greater impairment is a question for the ALJ, informed by expert interpretation, and "[f]or the Court to say otherwise [i.e., that the new evidence will not affect the ALJ's decision] would be particularly misguided given its lack of medical expertise." *Id.* at 39. Especially considering the "evidence in the record that would support the ALJ's decision [to deny Ms. Decker's claim]," *id.* at 38, the Commissioner was substantially justified in arguing that the new evidence did not undermine the ALJ's decision. *See Pierce*, 487 U.S. at 565 (substantially justified means "justified to a degree that could satisfy a reasonable person"). Even if the new evidence *does* undermine the ALJ's decision, the Commissioner's position remains justified, if reasonable. *Id.* at 566 n.2 ("[A] position can be justified even though it is not correct. . . ."). The Commissioner's defense of the ALJ's decision was substantially justified, despite the remand.

5 – OPINION AND ORDER

Finally, the Court notes that the Commissioner first argued that the new evidence should not be considered at all, because the new test results were obtained *after* the ALJ's January 27, 2011, decision. (Def.'s Br. [18] at 11–12.) Indeed, the Appeals Council may only consider new evidence that relates to the same time period considered by the ALJ. 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision."). In this case however, the Appeals Council *did* consider the new evidence, requiring the Court to also consider the new evidence. *Brewes*, 682 F.3d at 1163 ("the district court must consider [new evidence made part of the administrative record] when reviewing the Commissioner's final decision for substantial evidence"). This aspect of *Brewes* is clear, and the Commissioner's argument to the contrary lacks a "reasonable basis in law[.]" *Pierce*, 487 U.S. at 566 n.2. That the Appeals Council may be incorrect in considering the new evidence in light of 20 C.F.R. § 404.970(b) does not permit this Court to disregard the Ninth Circuit's clear holding—any evidence considered by the Appeals Council becomes part of the administrative record. *See Brewes*, 682 F.3d at 1163.

However, the substantial-justification inquiry is holistic. *Pierce*, 487 U.S. at 565 (substantial justification means "justified in substance or in the main"); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 ("the EAJA . . . favors treating a case as an inclusive whole, rather than as itemized line-items"); *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084–85 (9th Cir. 2002) (approaching substantial-justification inquiry holistically); *U.S. Commodity Futures Trading Comm'n v. WeCorp, Inc.*, 878 F. Supp. 2d 1160, 1164–65 (D. Haw. 2012) (same). Here, the Commissioner's overall litigation position remains substantially justified, in light of the above analysis and the ambiguities and unanswered questions raised by the *Brewes* decision.

## CONCLUSION

In light of the foregoing, the Application for Fees [24] is DENIED.

IT IS SO ORDERED.

DATED this __29th__ day of April, 2014.

                                            /s/ Michael W. Mosman  
                                            MICHAEL W. MOSMAN  
                                            United States District Judge